No. 33,963

THE STATE OF KANSAS, *Appellee*, v. GLEN GLOYD, *Appellant*.

(84 P. 2d 966)

Opinion filed December 10, 1938.

Ralph Knittle, of Salina, for the appellant.

Clarence V. Beck, attorney general, C. Glenn Morris, assistant attorney general, C. L. Clark, county attorney, for the appellee; Daniel Ritchie, of Salina, of counsel.

The opinion of the court was delivered by

THIELE, J.: The defendant was charged with the crime of manslaughter in the first degree, and from a conviction of the crime of manslaughter in the fourth degree he appeals to this court, assigning certain errors, which are hereafter discussed.

Without attempting a full statement of the facts, it appears that on January 31, 1938, Emilie Hoeduk and her husband were proceeding eastwardly on U. S. highway No. 40 in an automobile driven by her husband. A short distance behind was another car driven by one Pearl Martin. One Ralph Snowball was driving a car westwardly on the same highway. Shortly before these cars would have passed each other defendant, driving at a high rate of speed, came up behind the Martin car and attempted to pass it and the Hoeduk car, when the Hoeduk car was close to the Snowball car. In avoiding the Snowball car, defendant cut in front of and collided with the Hoeduk car in such manner that it was forced off the highway into the ditch, and after it proceeded a short distance it struck a telephone pole, turned over, and Mrs. Hoeduk sustained injuries from which she shortly died. There was evidence the defendant was intoxicated at the time the above events transpired.

Defendant's first assignment is that the trial court erred in not sustaining his motion to quash the information for six asserted rea-

sons, the only one now urged being that the information omitted the words "without a design to effect death" found in the statute defining manslaughter in the first degree (G. S. 1935, 21-407). As defendant was convicted of a lesser offense, that is, manslaughter in the fourth degree, as defined in G. S. 1935, 21-420, it is apparent that any defect to fully charge the higher degree becomes immaterial, and the failure to quash is not reversible error. (See *State v. Bailey*, 107 Kan. 637, 193 Pac. 354, where an analogous situation is discussed.)

Defendant next contends it was error for the trial court to deny his motion in arrest of judgment. His contention is that the legislature, in the enactment of Laws 1937, ch. 283, sec. 29, hereafter called "uniform act regulating traffic," defining "negligent homicide" and providing penalties therefor, declared the offense "manslaughter in some other degree," and that therefore defendant could not be guilty of manslaughter in the fourth degree as defined by G. S. 1935, 21-420, reading:

"Every other killing of a human being, by the act, procurement or culpable negligence of another, which would be manslaughter at the common law, and which is not excusable or justifiable, or is not declared in this article to be manslaughter in some other degree, shall be deemed manslaughter in the fourth degree."

The gist of his argument is that if a driver of an automobile "in reckless disregard of the safety of others" kills another he is guilty of negligent homicide under the uniform act regulating traffic, that that is a degree of manslaughter and is excepted by the definition of manslaughter in the fourth degree, under which he was convicted.

This leads us to inquire whether "negligent homicide," as provided in the uniform act regulating traffic, is manslaughter of some other than the fourth degree. It is to be observed that the 1937 act does not use the word "manslaughter" nor specify any degree. Ordinarily, homicide, unless excusable or justifiable, is divided into two classes, murder and manslaughter. Under the facts of this case it would not be murder. Under the decision in *State v. Custer*, 129 Kan. 381, 282 Pac. 1071, relied on by the appellant, it might have been manslaughter at common law. In the opinion in that case the history of our statutes with reference to manslaughter is referred to and an analysis is made of the elements of that crime. That case, however, is not decisive of the question now before us.

First, it may be observed that the statutory language of the act defining manslaughter in the fourth degree includes "or is not de-

clared in this article to be manslaughter in some other degree." The question arises whether, even though it be conceded the uniform act regulating traffic creates a degree of manslaughter, it is in any manner included in *this* article (G. S. 1935, ch. 21, art. 4).

Second, it may be likewise observed that the language of the uniform act regulating traffic fails to specify any degree of manslaughter, and for that reason it may be questioned whether there was any exclusion from the operation of the act defining manslaughter in the fourth degree as quoted above.

Third, at the time *State v. Custer*, supra, was decided, Laws 1925, ch. 158 (later appearing as G. S. 1935, 21-2174, 21-2175 and 21-2176) was in effect. Under that act, anyone under the influence of intoxicating liquor injuring another by reckless driving of a vehicle upon a public highway was guilty of a felony, the punishment prescribed exceeding that fixed for manslaughter in the fourth degree. Section 3 of that act provided that it should be deemed supplementary to existing prohibitory laws but should in no manner be construed as repealing the same. When the uniform regulatory traffic act was passed, the above sections of the 1925 act were repealed and were replaced by section 29 and other sections of the new act. While the repealed sections made it a felony for a drunken driver to injure another person by reckless driving of a vehicle upon a public road, the new section 29 provides that where death ensues within one year as a proximate result of injury from the driving of a vehicle in reckless disregard of the safety of others, the offender should be guilty only of a misdemeanor, which the statute denominated "negligent homicide." The Custer case involved no question of drunkenness, and the above-mentioned 1925 act was not referred to in the opinion.

Our criminal code classifies public offenses and defines a felony as an offense punishable by death or confinement and hard labor in the penitentiary (G. S. 1935, 62-103, 62-104) and an examination of our crimes act will disclose that manslaughter in all its degrees is a felony. In this state all crimes are statutory: We have no so-called common-law crimes, but as was noted in the Custer case:

"Paradoxical as it may seem, manslaughter committed by act, procurement or culpable negligence, which would be manslaughter at common law, is a statutory crime," etc. (p. 395.)

In 2 Bishop on Criminal Law, 9th ed., p. 568, § 744, it is said, "Murder and manslaughter are felonies at common law." See, also,

1 Wharton's Criminal Law, 12th ed., p. 38, § 26; 29 C. J. 1049, to similar effect.

We. do not believe that it was ever intended that the force and effect of G. S. 1935, 21-420, denouncing manslaughter at common law, should be abated by the enactment of a regulatory measure denouncing as a misdemeanor certain conduct which might have been manslaughter at common law. There is some argument that the provisions of the uniform act regulating traffic amended or, alternatively, impliedly repealed the section of the crimes act under consideration. Neither result occurred. Had it been intended to amend, the amendment would have been of no force under article 2, section 16, of our constitution. It must suffice on the question of implied repeal to say that the last act did not in any manner cover the field of the crimes act.

We are of opinion the trial court did not err in denying defendant's motion in arrest of judgment.

Appellant contends the trial court erred in its instructions. As to the complaint generally, it may be observed that the record shows no objection to the instructions as given. However, the principal point is that the court should not have instructed on manslaughter in the fourth degree. For reasons heretofore discussed, we think the instructions thereon were proper.

Complaint is also made that, although no request for such an instruction was made, the trial court erred in not instructing with respect to negligent homicide as defined in the uniform act regulating traffic. The trial court is required by G. S. 1935, 62-1447, to charge the jury in all matters which are necessary for their information in giving their verdict. In *State v. Winters,* 81 Kan. 414, 105 Pac. 516, this court considered the duty of the trial court to instruct in reference to all lower degrees of the crime of which there is any reasonable theory of guilt under the evidence. Although it was there held under the facts not to have been prejudicial error, it was said:

"From all the decisions noted it may be concluded that the statute means what it says and should be followed, but that a duty rests on counsel for the defendant to aid and not to ambush the court, and consequently instructions should be requested covering all lesser degrees òr lesser crimes involved in the main charge which the defendant desires to be considered. A request sufficient to direct the mind of the court to the subject is enough. Good instructions need not be offered, or a good theory for them formulated; and the evidence itself may point so plainly to the necessity for such instructions that no request is. necessary. Generally, however, a failure to make the request waives

error in failing to instruct, and, generally, error in failing to instruct or in giving wrong instructions upon lesser degrees or offenses works no prejudice when the defendant is convicted upon satisfying evidence of a higher charge, under correct instructions relating to it. Should it appear that if omitted instructions duly requested or clearly required by the evidence had been given the jury might naturally and probably have convicted of a lesser degree or offense, the omission will constitute prejudicial error." (p. 421.)

Without reciting the evidence, there can be no doubt it showed a state of facts under which the jury might naturally and probably would have convicted defendant of the lesser offense of negligent homicide. It may here be noted that in his motion to quash the information, defendant contended the uniform act regulating traffic was unconstitutional and void. The trial court ruled against him. That contention, however, cannot be held to have misled or ambushed the trial court and did not relieve it from instructing as to the lesser offense. We think the failure to so instruct constituted reversible error.

Appellant also complains the trial court erred because of its refusal to give a requested instruction with reference to contributory negligence. He relies on *State v. Bowser,* 124 Kan. 556, 261 Pac. 846, reciting:

"In a prosecution for manslaughter in the fourth degree caused by the alleged culpable negligence of defendant, while contributory negligence on the part of the decedent was not a defense, the court should have instructed the jury that the decedent's negligence, if shown, should be considered with all the other evidence to determine whether the negligence of defendant was the proximate cause of the killing or whether defendant's act or omission was culpably negligent under the circumstances." (Syl. ¶ 3.)

The requested instruction pertained to claimed contributory negligence of the husband of the deceased, and not negligence of the deceased. Further, there was no evidence that the deceased was guilty of any negligence whatever, nor that the husband was guilty of any conduct prior to the time of the impact of the cars that could be called negligent either as a matter of fact or law. The instruction was properly refused.

And finally, appellant complains because the trial court would not order the county attorney to deliver to defendant and his counsel a transcript of the testimony taken at the preliminary hearing. Appellant seems to contend that because the county attorney had the evidence taken in shorthand by the person who was the court reporter, the transcript was an official document. That contention is

not good, the transcript was not an official document, and under *State v. Hooper,* 140 Kan. 481, 504, 37 P. 2d 52, and *State v. Badders,* 141 Kan. 683, 685, 42 P. 2d 943, the refusal was not error.

Because of the error in not instructing the jury, the judgment of the trial court is reversed and the cause is remanded for a new trial.