[Criminal No. 926. Filed April 13, 1942.]

[124 Pac. (2d) 543.]

## THE STATE OF ARIZONA, Plaintiff, v. SEBAS-TIAN PONCE, Defendant.

Mr. Peter C. Byrne, County Attorney, for Plaintiff.

Mr. Glenn Copple, Mr. James B. Rolle, Jr., Mr. Joe L. Green, Mr. John B. Wisely, Jr., and Mrs. Mary A. Wupperman, for Defendant.

LOCKWOOD, C. J.—This case was certified to us under the provisions of section 44–2401, Arizona Code

1939. The question, as stated by the trial court, is as follows:

"Does proof that an accused while operating a motor vehicle upon the public highway while under the influence of intoxicating liquor collides with a person thereon, causing injuries to said person from which he very shortly dies, *ipso facto* establish the commission of manslaughter, there being no further or additional proof of the manner of the operation of the motor vehicle, or the manner of the collision?"

We think the question may be restated in the following manner:

"Is proof that the accused, operating a motor vehicle upon the public highway while under the influence of intoxicating liquor, collided with a person thereon, causing injuries to said person from which he shortly dies, sufficient to sustain a verdict of manslaughter?"

It is contended by the state that this question, in substance, has been answered affirmatively by this court in *Gibbs* v. *State,* 48 Ariz. 25, 58 Pac. (2d) 1037, 1038. The evidence for the state in that case showed that defendant, while in an intoxicated condition, struck deceased with his car in such a manner that it caused the death of the latter. We said:

" . . . The law of Arizona makes it a misdemeanor for any person to drive an automobile on the public highway while under the influence of intoxicating liquor. Section 1688, Revised Code 1928, (as amended by Laws 1935, chap. 33, section 1.) Manslaughter is defined by our law as follows:

" 'Manslaughter is the unlawful killing of a human being without malice. It is of two kinds: Voluntary, upon a sudden quarrel or heat of passion; involuntary, in the commission of an unlawful act not amounting to a felony, or in the commission of a lawful act which might produce death in an unlawful manner, or without due caution and circumspection.' Section 4586, Revised Code 1928.

"If, therefore, defendant was driving an automobile upon the highways, while under the influence of intoxicating liquor, and while so doing ran into Remington in such a manner that *the blow inflicted by the automobile was the proximate cause of the injury which caused Remington's death,* he would be guilty of involuntary manslaughter. . . . " (Italics ours.)

It would seem that this is conclusive so far as the law of this state is concerned.

Notwithstanding, defendant cites a number of cases which he contends supports the view that additional proof to that set forth must be introduced. Most of the cases cited by him are based on specific statutes not similar to ours, and facts unlike those appearing in the question certified. The examples given by him of situations in which an injustice might be caused by applying the rule urged by the state, present facts in no way similar to that shown in the present case.

It is very true that evidence may be offered by the state or defendant showing facts additional to that set forth in the question certified, which would require a verdict of not guilty, but these additional facts must be affirmatively shown in order to relieve defendant of his responsibility.

 Homicide is usually and correctly defined as the killing of a human being by another human being. *People* v. *Mar Gin Suie,* 11 Cal. App. 42, 103 Pac. 951. If, therefore, one person is killed as a result of the act of another, it is obviously always homicide. But homicide may either be unlawful, excusable or justifiable. Section 44–1814, Arizona Code 1939, reads as follows:

*"Murder trial—Defendant's proof in mitigation.—* Upon a trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the

crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable.''

When the state has proved a homicide by a defendant, the presumption is that he is guilty of murder unless the state's evidence tends to show the contrary, and it is incumbent upon defendant to contradict that presumption. *Miranda* v. *State,* 42 Ariz. 358, 26 Pac. (2d) 241; *Viliborghi* v. *State,* 45 Ariz. 275, 43 Pac. (2d) 210.

Clearly, if the state's evidence tends only to reduce the offense to manslaughter, a verdict of that offense is required unless the defendant can show excusable or justifiable homicide. Under the question as certified the cause of death was a collision in which an automobile operated by one under the influence of intoxicating liquor was a proximate cause. It is here that we think defendant has unconsciously fallen into error. He apparently believes the state contends the intoxication was the unlawful act which was the proximate cause of the death. But this is not true. It is the *operation of the motor vehicle* which is forbidden. Had defendant remained quietly seated in the vehicle, without attempting to operate it, no matter how intoxicated he was, even though there was a collision between the automobile and the deceased, which caused the death of the latter, defendant would not have been guilty of any unlawful act. But, instead of refraining from operating the vehicle, he was the active motivating cause of its operation while he was intoxicated, and the operation he was engaged in, and not his intoxication, was what caused the death. The operator was unquestionably committing an unlawful act, not amounting to a felony, by operating the vehicle, and this act, and not the intoxication, was a proximate cause of the death, and unless the evidence introduced by the state raised a presumption that the

162

collision was the fault of the deceased, we think a verdict of manslaughter would be sustained.

The question certified is, therefore, answered in the affirmative.

McALISTER and ROSS, JJ., concur.