71 A.2d 273 (1950)
STATE
v.
BIDDLE.
Court of Oyer and Terminer of Delaware, New Castle.
February 3, 1950.
C. Edward Duffy, Chief Deputy Attorney General, for the State.
W. Thomas Knowles, of Wilmington, for the defendant.
TERRY, LAYTON and WOLCOTT, JJ., sitting.
*274 WOLCOTT, Judge.
The reasons asserted in the motion to quash raise in substance one question for decision. That question is whether or not the enactment of Volume 46, Laws of Delaware, Chapter 186, operates as an implied repeal in part of Section 5161, Revised Code of 1935 insofar as that section provides that the common law crime of involuntary manslaughter by automobile should be a crime under the laws of this state. The contention of the defendant in this respect is that the provisions of Chapter 186, and the provisions of Section 5161 are so repugnant and inconsistent that the later statute necessarily operates as a repeal of that part of the prior statute which permitted prosecution for the common law crime of involuntary manslaughter by automobile.
As a general rule, repeal of statutes by implication is not favored by the courts. When a subsequent act, however, contains terms and operating effects which cannot be harmonized with the terms and necessary effect of an earlier act, an implied repeal of the earlier act will result, since the later act is the last expression of the legislative will. The rule of implied repeal is based upon the presumption that the legislature intends to maintain a consistent body of law in its entirety. The rule has been recognized on numerous occasions in this state. Mayor and Council of Wilmington v. State ex rel. Du Pont, Del., 57 A.2d 70; State v. Donovan, 5 Boyce 40, 90 A. 220; State ex rel. Mayor and Council of Middletown v. Peverly, 2 W.W. Harr. 443, 125 A. 421.
The rule of implied repeal is expressed by the Supreme Court in Mayor and Council of Wilmington v. State, supra, in the following language [57 A.2d 79]: "Repeals by implication are not favored and are ordinarily only effective when the provisions of a subsequent Act relating to the same subject are so inconsistent with, and repugnant to, the prior Act that they cannot be reconciled on any reasonable hypothesis. (Citing authorities.) That the latter (sic., later) statute is different is not enough; it must be contrary to the prior Act. * *".
The rule necessitates a comparison of the common law crime of involuntary manslaughter with the provisions of 46 Laws of Delaware, Chapter 186, providing for the crime of negligent homicide by automobile. The pertinent part of the latter is found in the following language: "Every person who through the operation of a motor vehicle in reckless disregard of the safety of others shall cause injury to another person, which injury shall be the proximate cause of the death of the person within one year from such injury shall be deemed guilty of negligent homicide, * * *".
*275 The defendant maintains that the quoted portion of the act provides for a crime which differs in no material element from the common law crime of involuntary manslaughter by automobile. The State, on the other hand, in speaking of Chapter 186, Volume 46, Laws of Delaware in its brief has the following to say:
"The intent and purpose of this act was to create an offense where an automobile might be operated under circumstances that would not raise the offense to manslaughter and felony."
The crime of negligent homicide by automobile is defined in Chapter 186 as the driving of a motor vehicle "in reckless disregard of the safety of others." In State v. Elliott, 1 Terry 250, 8 A.2d 873, 874, this court had occasion to define involuntary manslaughter by automobile. The opinion in that case contains the following language:
"Courts have said that to be punished as a crime the negligence must be culpable or gross, or that the conduct of the accused person must have been such as to evidence a conscious indifference to consequences, or to show a reckless disregard for the life and safety of others, or to be incompatible with human life and safety. These expressions, when examined, mean only that to be punished criminally, the conduct of the accused person must have been such as was likely to cause great bodily harm or death to another reasonably within its range. * * *
"Mere negligent driving, without more, is not punished criminally; but where the conduct of the driver is such as to evidence a reckless disregard for the life and safety of others, it is such negligence as is subject to criminal prosecution and punishment."
The definition of involuntary manslaughter so set forth is amply supported by the authorities within this state. In essence, therefore, the crime of involuntary manslaughter by automobile has as its main element "a reckless disregard for the life and safety of others". The crime of negligent homicide set forth in Chapter 186 has as its main element the driving of a motor vehicle "in reckless disregard of the safety of others". There is no distinction between the elements of the two crimes as defined and, accordingly, the two statutes provide for the punishment of identical acts and the same proof that would support an indictment under one statute would be required to support an indictment under the other.
We are faced with the situation of two statutes each providing that identical acts shall constitute a crime. However, Section 5161 provides that such acts shall constitute manslaughter and a felony, while Chapter 186 provides that such acts shall constitute negligent homicide and a misdemeanor. The difference in degree provided in the two statutes for the same offense, in our opinion, has created an inconsistency which cannot be reconciled on any reasonable basis.
In Lewis' Sutherland Statutory Construction, 2nd Ed., Vol. I § 252, it is said:
"Where a later statute contains no reference to the former statute, and defines an offense containing some of the elements constituting the offense defined in such former statute and other elements, it is a new and substantive offense. The two statutes can stand together and there is no repeal. So if the later statute prescribes a punishment for acts with only a part of the ingredients or incidents essential to constitute the offense defined in a former statute.
"But if the same offense, identified by name or otherwise, is altered in degrees or incidents, or if a felony is changed to a misdemeanor, or vice versa, the statute making such changes has the effect to repeal the former statute. * * *".
We are, accordingly, of the opinion that the two statutes are in fact repugnant and that the effect of the adoption of 46 Laws of Delaware, Chapter 186, since it is the later act, was to repeal by implication Section 5161, Revised Code 1935, insofar as it provided for the common law offense of involuntary manslaughter by automobile.
The result, therefore, is that on November 4, 1948, the common law crime of involuntary manslaughter by automobile was not an offense under the law of Delaware. The indictment before us charging the commission of such a crime on November *276 4, 1948 while Chapter 186, 46 Laws of Delaware, was in full force and effect, is an indictment for a non-existing offense within the State of Delaware at that time. The motion to quash, therefore, must be granted.
The 1949 session of the General Assembly repealed Chapter 186, 46 Laws of Delaware. While the question is not before us, we nevertheless feel justified in referring to the rule that the repeal of a statute which repealed an earlier statute by implication has the result of restoring to the body of the law the earlier statute. As is said in Sutherland Statutory Construction, 3rd Ed., Vol. I, § 2039: "Under the common law rules of interpretation, the repeal of a repealing statute operates to revive the original enactment when the repeal of the repealing statute is accomplished by expressed provision without additional legislation upon the subject matter."
See, also, Mayor etc., of City of New York v. Broadway, 97 N.Y. 275; Applestein v. City of Baltimore, 156 Md. 40, 143 A. 666.
The result, therefore, is that from April 4, 1947, the date of approval of Chapter 186, 46 Laws of Delaware, to the date of the act repealing that law, there could be no prosecution in this state for common law involuntary manslaughter by automobile but prosecutions for circumstances which formerly would have supported such an indictment must have been for negligent homicide under 46 Laws of Delaware, Chapter 186. However, the repeal of Chapter 186 resulted in a revival of that part of Section 5161, Revised Code 1935, which provided for prosecutions for the crime of involuntary manslaughter by automobile.
This, of course, does not assist the State in maintaining the present indictment which will be quashed.