285 P.2d 758

STATE of Arizona, Appellant,

v.

Arthur Leslie GORDON, Appellee.

No. 1068.

Supreme Court of Arizona.

June 28, 1955.

Robert Morrison, Atty. Gen., L. Alton Riggs, Spe. Asst. Atty. Gen., Wm. P. Mahoney, Jr., Maricopa County Atty., Lawrence C. Cantor, Deputy County Atty., Phoenix, for appellant.

Lewis, Roca, Scoville & Beauchamp, and John P. Frank, Phoenix, for appellee.

UDALL, Justice.

This is an appeal by the State of Arizona from an order granting defendant-appellee, Arthur Leslie Gordon's motion to quash a direct information charging him with the offense of "Negligent Homicide". We will refer to the parties as the "State" and defendant.

■ We thoroughly agree with defense counsel that "the case is in an odd procedural posture", for actually it appears the trial court made this ruling in a left-handed and unorthodox attempt to foist upon us for determination a legal question which it should have determined according to its best light, "letting the chips fall where they may". We point out that Rule 412, Rules Cr.Proc., Section 44–2401, A.C.A.1939, presents the only method by which an advisory opinion on a question of law in a criminal case may be obtained from this court.

By an amended direct information for negligent homicide, a high misdemeanor, the county attorney charged defendant in count No. 1, as follows:

"* * * The said Arthur Leslie Gordon on or about the 26th day of December, 1953, * * * did then and ther̲e wilfully and unlawfully operate a motor vehicle, to-wit: 1948 Buick Sedan, by driving such vehicle in reckless disregard of the safety of others and by reason of such unlawful disre-

gard of the safety of others and by reason of such unlawful operation of such vehicle, did cause the death of one Margaret Grace Sandige, a human being, who died on the 24th day of December, 1953, in violation of A.C.A.1939, 66–155; * * *."

The second count, in identical language, charges defendant with causing (on the same date) " * * * the death of one Anna Josephine Sandige,—who died on the 25th day of December, 1953. * * *"

Defendant, represented by counsel, was arraigned in open court and entered pleas of not guilty to both counts. The case was then set for trial and after several continuances came on for trial September 15, 1954. At that time defendant orally moved to quash the information, which motion was denied and the case proceeded to trial.

At the close of the State's case defendant moved for a directed verdict and apparently convinced the trial court the State had failed to prove defendant's conduct was the proximate cause of the accident and resulting deaths and that such was an essential element of the offense under the negligent homicide statute. However, instead of granting the motion for a directed verdict as it should have done, if of the opinion that its conclusion was legally sound, the court induced defendant to waive any plea of jeopardy and renew his motion to quash the information which latter motion was then granted. The court expressed the thought that the question of interpretation of the statute as to the requirement

of proximate cause could then be determined by this court. This expectation was ill-founded. Doubtless counsel for the State, upon sober reflection realized that the proximate cause question could not properly be raised or determined on this record. Hence its assignments of error present only the superficial questions raised by the original motion to quash. As we are of the opinion that we cannot properly pass upon the proximate cause question, we will not examine the evidence but will direct ourselves solely to the sufficiency of the information.

By a typographical error both counts of the information as originally drawn alleged that the defendant committed the acts charged on December 26, 1953. This created an impossibility as the deaths resulting therefrom allegedly occurred prior thereto, to wit: on December 24th and 25th. At the beginning of the trial defendant moved to quash upon this ground; the State asked and was granted leave to amend both counts by changing the date of the acts charged to December 24th. Effectually disposing of this matter is defendant's relevant statement appearing in his motion to dismiss appeal (which was denied):

"As to the date, there is nothing here to decide. The Court below permitted an amendment of the information to correct the error as to the date, and thereafter denied our motion to dismiss on that ground. The motion to dismiss on that ground was never again made, and necessarily was never granted. No

question concerning that part of the case is here."

An admission of the same tenor and effect appears in defendant's brief on the merits.

The only other question raised by the State's brief is whether the information, as amended, states an offense. The offense of negligent homicide is defined in Chapter 3, Section 53, Laws of 1950 (1st S.S.), (now appearing as Section 66–155, 1952 Cum. Supp. to A.C.A.1939), which provides:

"Negligent homicide.—(a) When the death of any person ensues within 1 year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of negligent homicide."

From a comparison of the previously-quoted portion of the information with this section of the Code it is apparent (and this is not seriously questioned by defendant) that the information states " * * * so much of the definition of the offense * * * in terms of substantially the same meaning [as those of the statute defining the offense], as is sufficient to give the court and the defendant notice of what offense is intended to be charged * * * ", as required by Rule 152, Rules Cr.Proc., Section 44–711, A.C.A. 1939. Hence the information is valid and sufficient under the provisions of that rule. The trial court therefore erred in granting defendant's motion to quash the information.

Nevertheless, both parties are now asking that we give guidance to the trial court on the proximate cause matter in event the case must be retried. On this record we decline to do so. The limit of our duty on appeal from an order quashing an information is stated in Rule 451, Rules Cr. Proc., Section 44–2544, A.C.A.1939:

" * * * If an order quashing an indictment or information * * * is reversed, the appellate court shall direct that the defendant be tried on the indictment or information. * * * "

The order granting the motion to quash the information is reversed and the cause remanded for further proceedings consistent with this opinion.

Order reversed with directions.

LA PRADE, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.