295 P.2d 842

**STATE of Arizona, Plaintiff,**

**v.**

**Paul Andrew MORF, Defendant.**

**No. 1084.**

Supreme Court of Arizona.

April 3, 1956.

Robert Morrison, Atty. Gen., Wm. P. Mahoney, Jr., County Atty., and Thomas Tang, Deputy County Atty., Phoenix, for the State.

James S. Riggs, Lewis, Roca, Scoville & Beauchamp and Joseph E. McGarry, Phoenix, for defendant.

UDALL, Justice.

After a preliminary hearing before a magistrate, defendant Paul Andrew Morf was held to answer to the superior court upon a felony charge, to wit: manslaughter. Thereafter the county attorney of Maricopa County, by an information, formally charged defendant with the crime of involuntary manslaughter, a felony, under section 43–2904, A.C.A.1939. The homicide allegedly arose out of defendant's wilful, reckless and negligent operation of a motor vehicle. In response to a bill of particulars the State set forth that defendant's specific acts of negligence were (1) that he "failed to heed and obey an electric traffic control signal" and (2) that he "exceeded the legal speed limit * * *". Defendant also filed a motion to quash the

information, which motion was orally argued, but before a ruling thereon the court considered there was a question of law "so important and doubtful as to require the decision of the appellate court". Under the provisions of Rule 346, Rules Crim.Proc.1956, and with the consent of the defendant, the trial court stayed further proceedings and has now certified to us the following narrow question for decision, viz.:

"Does the enactment of Chapter 3, Section 53, Laws of Arizona, 1950 [1st. Sp.Sess.], Section 66-155, Arizona Code, as amended, (negligent homicide) operate as a repeal in part of Section 43-2904, Arizona Code 1939, insofar as that section makes the operation of a motor vehicle without due caution and circumspection proximately causing death, involuntary manslaughter, a felony?"

The query has substance and is a proper one for certification under our rules. Respectable authority from other jurisdictions divides on the question. It is a matter of first impression with us.

Section 43-2904, A.C.A.1939 (now appearing as Secs. 13-455 and 13-456, A.R.S. 1956), our manslaughter statute, violation of which is a felony, reads as follows:

"Manslaughter is the unlawful killing of a human being without malice. It is of two kinds: * * * involuntary, in the commission of an unlawful act not amounting to a felony, or in the commission of a lawful act which might produce death in an unlawful manner, or *without due caution and circumspection.*" (Emphasis supplied.)

Chapter 3, Section 53, Laws 1950, 1st S.S. (now appearing as Sec. 28-691, A.R.S. 1956), is our misdemeanor negligent homicide statute, viz.:

"When the death of any person ensues within one year as a proximate result of injury received by the *driving of any vehicle in reckless disregard of the safety of others,* the person so operating such vehicle shall be guilty of negligent homicide." (Emphasis supplied.)

Obviously a statute pertaining only to death by operation of motor vehicles does not repeal in its entirety a general statute relating to homicides committed by other means. The narrow issue is whether the misdemeanor statute impliedly repeals the application of the felony statute, supra, to instances of homicide wherein the instrumentality of death is a motor vehicle operated "without due caution and circumspection." Repeal of any other criminal situation arising under the manslaughter statute is not here drawn in question. Cf. State v. Cantrell, 64 Wyo. 132, 186 P.2d 539; State v. Ponce, 59 Ariz. 158, 124 P.2d 543.

■ The rule is well settled in Arizona that repeals by implication are not fa-

vored and will not be indulged in if there is any other reasonable construction. Arizona Corp. Comm'n v. Catalina Foothills Estates, 78 Ariz. 245, 278 P.2d 427, 428; 82 C.J.S., Statutes, § 288. However, it is equally well established that if upon examination of the statutes a repugnancy or inconsistency between the provisions of the earlier and the later law is found, i. e. if, even granting the absence of express legislative intent to repeal, it appears the legislature could not have intended the two statutes to be contemporaneously operative, then it will be implied the legislature must have intended to repeal the earlier enactment by the later law. 82 C.J.S., Statutes, § 286 et seq. The fundamental test in all cases is of course the intent of the legislature.

In the case of Olson v. State, 36 Ariz. 294, 285 P. 282, we held that the legislature by enactment of the 1927 Highway Code containing a provision making failure to stop in case of accident a misdemeanor had impliedly repealed the former statutory felony of leaving the scene of an accident. The analogy of the Olson case to the case at bar is close. In the instant case the legislature has enacted a comprehensive law covering the field relative to the use of the highways by motor vehicles. If within this law it has provided criminal sanction for an act punishable previously under a general penal statute and it appears that the elements of the crimes are alike—i. e. the offenses are substantially the same and not merely cumulative or auxiliary—then the reasonable conclusion is that the legislative intent was that the last and specific expression on the subject shall be the law, and the earlier statute shall no longer be applicable. 82 C.J.S., Statutes, § 303.

With these fundamentals in mind, we first examine these two laws as hitherto applied in this State as well as in other jurisdictions. While we have had no occasion to specifically define—as have some other states—the phrase "without due caution and circumspection" found in the felony statute, supra, yet the consensus of opinion seems to be that it is the equivalent of "criminal negligence". See, People v. Penny, 44 Cal.2d 861, 285 P.2d 926, 931. It is true that the phrase "criminal negligence" has various shades of meaning. In 40 C.J.S., Homicide, § 62, this statement appears:

"While the kind of negligence required to impose criminal liability has been described in differing terms, it is almost uniformly held that it must be of a higher degree than is required to establish negligence on a mere civil issue."

Practically all of the cases agree that "criminal negligence" as an element of crime goes beyond mere failure to exercise ordinary care and precaution, or mere inadvertence or misadventure; however there is no uniformity in the decisions as just how to describe the precise degree of negligence that must exist to constitute criminal neg-

224

ligence as an element of crime. See, 10 Words & Phrases, Criminal Negligence, at page 520 et seq. The decisions of this court in the cases of Gutierrez v. State, 44 Ariz. 114, 34 P.2d 395, and Steffani v. State, 45 Ariz. 210, 42 P.2d 615, make it clear that in order to convict in such cases, criminal negligence must be shown, i. e. negligence of a more gross and reckless nature than is required in civil cases. With the knowledge that such was the law in Arizona the legislature has now said that one who causes death by driving "in reckless disregard of the safety of others" is guilty of the high misdemeanor of negligent homicide. State v. Gordon, 79 Ariz. 184, 285 P.2d 758, 759. If this is the same type of criminal negligence as that previously required for conviction of the felony, then the laws are conflicting. If, then, repugnancy or inconsistency exists between these two laws, we can only conclude that a repeal by implication was intended by adoption of the later law.

The State takes the position that the negligent homicide statute is of a different variety or class of crime than the earlier felony statute, and cites several cases wherein other States on the basis of the peculiar wording and interpretation of their statutes have so held. In some of these cases it appears the court concerned itself more with the general background of the crimes and decided only that since one was of common law origin and the other of modern birth there could be no repeal since no inconsistency. Such an argument is no answer to the problem; both are legislative enactments, and must be tested by the rules of statutory construction above enumerated. The origins of each may be of aid in determining legislative intent but should not obscure the issue of repeal.

Citations to California cases lend no authority to the state's position. The early negligent homicide statutes of that state were of a different type than our own, and, perhaps due to conflicting interpretations thereof, the negligent homicide statute was repealed in 1943. Today the laws of that state provide for a new felony, viz.: manslaughter in the driving of a vehicle. See, State v. Wojahn, Or., 282 P.2d 675, which discusses considerable background material as to negligent homicide statutes generally, though contributing nothing to the instant determination. The California lawmakers thus have obviated any question of repeal by implication. Where legislative intent to the contrary is expressed, repeal by implication cannot be found. Such is also the situation in State v. Barnett, 218 S.C. 415, 63 S.E.2d 57, and State v. Smith, 198 Or. 31, 255 P.2d 1076.

Two of the cases cited by the State, viz.: State v. Gloyd, 148 Kan. 706, 84 P.2d 966, 969, and Phillips v. State, 204 Ark. 205, 161 S.W.2d 747, 750, flatly support its position, i. e. the court in each case finds no conflict between the special misdemeanor statute and the earlier general felony statute. In

the former case, the determinative proposition involved other specific statutory matters, after which the bald statement is made:

"It must suffice on the question of implied repeal to say that the last act did not in any manner cover the field of the crimes act."

In the Phillips case, the problem is more fully discussed, and by means of what we consider imperfect reasoning is resolved in the state's favor. The Arkansas statutes there involved were substantially similar to our own, yet following the California authorities (which we have said are clearly distinguishable) the court stated:

"But we are convinced, as was the California court, that the sections are not in such conflict that the later (the Vehicle Act) repealed the former (the Penal Code)."

The argument was made in that case that if negligent homicide repealed involuntary manslaughter:

" * * * where one had been killed by an automobile, it also repealed any other law that would apply to a homicide committed in driving an automobile; and we think the General Assembly had no such intention."

It is of course a non sequitur to say that repeal of the one homicide situation requires repeal of all homicide situations. However the Arkansas court concluded that the state might have its choice of felony or misdemeanor under which to prosecute. To us, this right of choice in itself clearly indicates the presence of a conflict in the statutes.

Defendant's position in essence is as follows:

1. Repeals by implication are admittedly not favored, but such will be declared where two acts are directed to the same matter and are inconsistent or repugnant.

2. In Arizona, the test to establish culpability for manslaughter due to criminal negligence in driving a car has been defined by case law to be the same as—or perhaps even of a lower degree of negligence than—the test now established by the negligent homicide law.

3. Therefore, a repugnancy or inconsistency exists, and the crime of manslaughter by reason of criminal negligence has been repealed in favor of negligent homicide in automobile-death cases.

The case principally relied upon by defendant is that of State v. Biddle, 6 Terry 244, 71 A.2d 273, 275. Therein the precise question here propounded was raised on a motion to quash an indictment. The Delaware court discussed the case-law definition of the felony statute as compared to the statutory definition of the misdemeanor statute, and said:

"In essence, therefore, the crime of involuntary manslaughter by automobile has as its main element 'a reckless disregard for the life and safety of others.' The crime of negligent homi-

cide set forth in Chapter 186 has as its main element the driving of a motor vehicle 'in reckless disregard of the safety of others'. There is no distinction between the elements of the two crimes as defined and, accordingly, the two statutes provide for the punishment of identical acts and the same proof that would support an indictment under one statute would be required to support an indictment under the other.

"We are faced with the situation of two statutes each providing that identical acts shall constitute a crime. However, Section 5161 provides that such acts shall constitute manslaughter and a felony, while Chapter 186 provides that such acts shall constitute negligent homicide and a misdemeanor. The difference in degree provided in the two statutes for the same offense, in our opinion, has created an inconsistency which cannot be reconciled on any reasonable basis."

Comparing this to the Arizona law, we have noted above that this court has not hitherto laid down a specific definition of "without due care and circumspection". However, it would seem to require some fine and perhaps tenuous reasoning to hold that the criminal negligence thereby required is not practically equivalent to that required by the later negligent homicide statute. (Cf. Sec. 66–157 [A.R.S. § 28–693], our "reckless driving" statute, which speaks of driving "in wilful and wanton disregard" of others.) We find no substantial difference between the criminal negligence required to convict under both the felony and the misdemeanor statutes. Therefore we believe the Delaware court's analysis of the basic problem is correct, and hereby adopt it as determinative of our problem.

The question submitted is answered in the affirmative.

LA PRADE, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.