310 P.2d 822

The STATE of Arizona, Appellant,

v.

Roy Earl BURGESS, Appellee.

No. 1093.

Supreme Court of Arizona.

May 7, 1957.

Robert Morrison, Atty. Gen., Wm. P. Mahoney, Jr., County Atty., Dan Cracchiolo, Deputy County Atty., Phoenix, for appellant.

Scott, Cavness & Yankee, Phoenix, for appellee.

PHELPS, Justice.

This is an appeal by the State of Arizona from an order granting defendant's motion to quash the first count of an information charging defendant with negligent homicide under the provisions of A.R.S. § 28–691.

Count I of the information charged that defendant on or about the 25th of March, 1956, "* * * did wilfully and unlawfully operate a vehicle, to-wit: 1950 Buick Sedan, by driving such vehicle in reckless disregard of the safety of others and by reason of such unlawful operation of such vehicle, did cause the death of Paul James Trew, a human being. * * *" Section 28–691, supra, in so far as here material, reads as follows:

"Negligent homicide

"A. When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating the vehicle shall be guilty of negligent homicide."

Upon stipulation of counsel the court ordered the state to file a bill of particulars setting forth what negligent acts the defendant is charged with having committed, which resulted in the death of Paul Trew, and pursuant thereto the state filed the following bill of particulars:

"I

"The defendant was grossly and wilfully negligent in that he was driving an automobile while under the influence of intoxicating liquor, in reckless disregard for the safety of others.

"II

"The defendant failed to keep a proper look-out under the surrounding circumstances, and failed to see the deceased Paul Trew who was proceeding on his bicycle, which was in reckless disregard for the safety of the deceased Paul Trew."

Defendant's motion to quash was based upon the ground that the particulars stated in the bill did not constitute the offense charged in Count I of the information.

 It has always been the established rule in this jurisdiction that an indictment or information couched in the language of the statute adequately charged an offense against the state of Arizona. Ford **v.** State, 21 Ariz. 567, 192 P. 1117; State **v.** Freeman, 78 Ariz. 281, 279 P.2d 440; State v. Gordon, 79 Ariz. 184, 285 P.2d 758. Rule 115 of the Criminal Rules of Procedure, 17 A.R.S., adopted by this court in December, 1955, is almost an identical rescript of section 44–711, A.C.A.1939, Rules Cr.Proc. § 152.

The information states an offense of "negligent homicide" as defined by section 28–691, supra. The question then is, did the bill of particulars set forth facts, if proved, which would sustain a conviction upon the allegations of the information.

It was held in State v. Morf, 80 Ariz. 220, 295 P.2d 842, 843, that the term "without due caution and circumspection" as used in our manslaughter statute, section 43–2904, A.C.A.1939 [A.R.S. §§ 13–455 to 13–457] (which made manslaughter a felony and has been in existence in this jurisdiction since 1901), was equivalent to "criminal negligence". The court said further that:

"In Arizona, the test to establish culpability for manslaughter due to criminal negligence in driving a car has been defined by case law to be the same as—or perhaps even of a lower degree of negligence than—the test now established by the negligent homicide law."

This court distinguished the California negligent homicide statute from our statute and therefore declined to accept the California decisions as authority for the interpretation of our statute. We quoted with approval from State v. Biddle, 6 Terry 244, 45 Del. 244, 71 A.2d 273, 275, the following excerpt:

"In essence, therefore, the crime of involuntary manslaughter by automobile has as its main element 'a reckless disregard for the life and safety of others'. The crime of negligent homicide set forth in Chapter 186 has as its main element the driving of a motor vehicle 'in reckless disregard of the safety of others'. There is no distinction between the elements of the two crimes as defined and, accordingly, the two statutes provide for the

punishment of identical acts and the same proof that would support an indictment under one statute would be required to support an indictment under the other."

We adopted the view of the Delaware court and held that the criminal negligence necessary in section 43-2904, supra, was the same as that defined in section 28-691, supra.

■ We can discern no material difference in the matters set out in the information and in the bill of particulars. Certainly the particulars incorporated in the bill have placed no limitations upon the allegations contained in the information. One is not required to plead evidence, neither is one required to incorporate evidentiary matter in a bill of particulars. The bill of particulars gave notice to defendant that the state expected to prove he was grossly and wilfully negligent in driving an automobile while under the influence of intoxicating liquor, in reckless disregard for the safety of others, and in not keeping a proper lookout, *under the surrounding circumstances*, and in failing to see Paul Trew, deceased, who was proceeding on his bicycle, which was in reckless disregard for the safety of the deceased Paul Trew.

Under the particulars furnished, the state was entitled to prove what the surrounding circumstances were at the time and place which tended in any degree, to show defendant guilty of a reckless disregard for the safety of others.

■ We recognize that driving an automobile while under the influence of intoxicating liquors is not, in and of itself, criminal negligence. However, if, while under the influence of intoxicating liquor, the driver operates an automobile, his intoxication is a circumstance which may be considered by the jury, together with all the other surrounding circumstances, in determining whether he operated it in "reckless disregard of the safety of others" or, in other words, whether he was guilty of criminal negligence.

In State v. Chekmizoff, Ariz., 309 P.2d 796, 797 [1], we thoroughly went into the question of what constitutes driving a car in "reckless disregard of the safety of others," which makes it unnecessary to again define it here or to consider the California cases upon which counsel relies so strongly. Suffice it to say that the bill of particulars did not in any way change the offense charged in the information as above pointed out, and the state was entitled to go to the jury on the question of whether the proof sustained the charge therein made. The trial court committed reversible error in depriving it of that right.

Therefore the order of the trial court quashing Count I of the information is reversed and the case is remanded, with

directions to re-instate said Count for further proceedings thereon, in conformity with the views hereinabove expressed.

UDALL, C. J., and WINDES, STRUCKMEYER and LA PRADE, JJ., concur.