**Donald Ray ATCHLEY, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14912.**

Court of Criminal Appeals of Oklahoma.

June 10, 1970.

Virgil L. Upchurch, Anadarko, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

The plaintiff in error, Donald Ray Atchley, who shall hereinafter be referred to as the defendant, was charged by information with the crime of Manslaughter First Degree (causing the death of another while negligently driving an automobile). He was tried before a jury, who found defendant guilty of Manslaughter Second Degree, and his punishment fixed at Two Years in the penitentiary. Defendant lodged his appeal in this Court within the time allowed by law, relying for reversal upon one contention of error.

The question involved herein, as stated by defendant, is as follows: "The question of whether the passage of Sec. 11–903, Title 47, Okla.Statutes, 1961, did, by implication, repeal Sec. 716 of Title 21, Okla. Statutes 1910; insofar as death resulting from operation of a motor vehicle is concerned."

Title 21, § 716, supra, reads as follows:

"Every killing of one human being by the act, procurement or culpable negligence of another, which, under the provisions of this chapter, is not murder, nor manslaughter in the first degree, nor excusable nor justifiable homicide, is manslaughter in the second degree."

The legislature enacted the Oklahoma Highway Safety Code as Title 47, O.S. 1961, which provides in Sec. 903(a) as follows:

"When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such

vehicle shall be guilty of negligent homicide."

It is contended by the defendant that these two sections are so repugnant to each other that the latter, which became effective September 1, 1961, repealed the former by implication.

This same proposition was discussed at great length by my learned associate, Judge Bussey, in a very thorough dissertation in the case of Ritchie v. Raines, Okl.Cr., 374 P.2d 772 (1962). However, he did not pass upon the question before us now, but dealt with 21 O.S. § 711, where as we are dealing with § 716. However, your writer believes that the same rationale should be applicable as to both sections of the statute above referred to.

Defendant contends, in the case at bar, the manslaughter second statute, [21 O.S. § 716] insofar as it relates to deaths caused by operation of a motor vehicle, was repealed or superseded by implication upon the enactment of the Uniform Traffic Code, 47, O.S. § 11–903, supra, being that part known as the "negligent homicide statute."

The State contends that there is a difference in the elements of manslaughter arising out of the operation of an automobile and negligent homicide, and that the later statute neither repealed by implication nor superseded the earlier statute.

The defendant is supported in his contention by numerous authorities including: State v. Biddle (1950), 6 Terry 244, 45 Del. 244, 71 A.2d 273; State v. Collins (1960), 55 Wash.2d 469, 348 P.2d 214; State v. Morf, (1956) 80 Ariz. 220, 222, 295 P.2d 842; State v. Davidson (1957), 78 Idaho 553, 309 P.2d 211; State v. London (1960), 156 Me. 123, 162 A.2d 150.

In State v. Biddle, supra, the respondent was indicted for the crime of involuntary manslaughter. A later statute was passed by the legislature similar to Oklahoma's reckless homicide statute. The court found there was no distinction between the elements of the two crimes; that the two statutes provided for the punishment of identical acts and the same proof that would support an indictment under one statute would be required to support an indictment under the other. The Court said [156 Me. 123, 162 A.2d 155]:

> " 'We are faced with the situation of two statutes each providing that identical acts shall constitute a crime. However, Section 5161 provides that such acts shall constitute manslaughter and a felony, while Chapter 186 provides that such acts shall constitute negligent homicide and a misdemeanor. The difference in degree provided in the two statutes for the same offense, in our opinion, has created an inconsistency which cannot be reconciled on any reasonable basis.'

"In State v. Morf [supra] the respondent was charged with the crime of involuntary manslaughter, a felony. The case was certified to the Supreme Court for decision on the question of whether or not the enactment of a negligent homicide law (a misdemeanor) operated as a repeal in part of a section of an earlier manslaughter law insofar as that section made the operation of a motor vehicle without due caution and circumspection proximately causing death, involuntary manslaughter. Repeal of any other criminal situation arising under the manslaughter statute was not involved. In Arizona, the manslaughter statute, as set forth in the opinion, defined that crime as follows:

> 'Manslaughter is the unlawful killing of a human being without malice. It is of two kinds; * * * involuntary, in the commission of an unlawful act not amounting to a felony, or in the commission of a lawful act which might produce death in an unlawful manner, or without due caution and circumspection.'

The Court, in finding a repeal by implication as to that part of the manslaughter statute under consideration, said:

> ' * * * we have noted above that this court has not hitherto laid down a

specific definition of "without due care and circumspection." However, it would seem to require some fine and perhaps tenuous reasoning to hold that the criminal negligence thereby required is not practically equivalent to that required by the later negligent homicide statute. * * * We find no substantial difference · between the criminal negligence required to convict under both the felony and the misdemeanor statutes.'

In State v. Davidson, the respondent was convicted of the crime of involuntary manslaughter by driving a motor vehicle in an unlawful, reckless, careless, and negligent manner, and at an excessive speed, and thereby causing the death of another. The Idaho statute, I.C. § 18–4006, as set forth in the opinion, [78 Idaho 553, 309 P.2d 215] defined involuntary manslaughter as 'the unlawful killing of a human being without malice, in the operation of a motor vehicle in a reckless, careless, or negligent manner which produces death. * * *.' Later the Idaho legislature enacted a negligent homicide law. The later act contained provisions for repeal of all acts or parts of acts inconsistent therewith. The Court held that the word 'negligent' meant criminal negligence, "such negligence as amounts to a reckless disregard of consequences and of the rights of others,' and that there appeared to be no fundamental difference between the two statutes except in the punishment allowed to be imposed upon conviction. The later act was held to govern."

In the case of State v. Collins, supra, they call attention to the very important fact that the manslaughter charges were enacted in the year 1854, when there was no motor vehicle traffic, as was true in Oklahoma (1910). At that time, it was almost certain that the motorized vehicle would never supersede the horse and buggy means of transportation.

It, therefore, is obvious that the legislature never anticipated that aggravated problems of the motor vehicle traffic that characterizes our time. Regardless of the time element, a thorough examination of the two statutes in question reveal that the crime element established by the latter statute [47 O.S. § 11–903, Reckless disregard for the safety of others] and the elements of manslaughter second degree [21 O.S. § 716, Culpable Negligence] disclose that the substance of the crime in each case is the operation of an automobile with reckless disregard for the safety of others, thereby causing the death of another. Thus, we find two statutes providing for the punishment of identical acts, the earlier by imprisonment of not less than two years nor more than four years, and the later act by not more than one year in the county jail, or by fine of not more than $1,000.00; or by both such fine and imprisonment. This being so, we feel that the rationale advanced in these decisions than an implied repeal thereby resulted is preferable to that set forth in the cases which hold that two separate and distinct offenses exist. See, State v. Gloyd, 148 Kan. 706, 84 P.2d 966; State v. Barnett (1951), 218 S.C. 415, 63 S.E.2d 57; also, Phillips v. State (1942), 204 Ark. 205, 161 S.W.2d 747.

Accordingly, we are of the opinion and so decide, that the older statute is repugnant and inconsistent with the new statute to such an extent that the legislature must have intended to repeal the older statute insofar as it is applicable to a prosecution for manslaughter based upon criminal negligence in the operation of an automobile. We base our authority upon the following reasoning, as was said in 82 C.J.S. Statutes § 303, page 520:

"It is a well settled rule, that where a statute prohibits a particular act, and imposes a penalty for doing it, and a subsequent statute imposes a different penalty for the same, or practically the same, offenses, the later statute repealed

the earlier one, and this is true whether the penalty is increased or diminished."

See, also: State v. Davidson, supra; State v. Lewis (1955), 198 Tenn. 91, 278 S.W.2d 81; State v. Biddle, supra; Sutherland Statutory Construction (3rd Ed.) § 2031; and, 50 Amer.Jur. Statutes § 567.

We therefore adopt the foregoing rationale and hold that Title 47, O.S. § 11–903 supersedes the manslaughter statutes, 21 O.S. § 716, as it pertains to death by the criminal negligence of another by the driving of an automobile.

The case is, therefore, reversed and remanded to the trial court in conformity with this decision.

BUSSEY, J., concurs.

BRETT, Presiding Judge (concurring):

I concur with Judge Nix in the rationale he applied in reaching his conclusion in this case. While it is admitted that ordinarily a decision holding a later statute repeals an earlier one by implication may not be the most desirable situation; but nonetheless, time and circumstances change all things. There can be no doubt concerning what the intention of the legislature was in 1961 when 47 O.S.A. § 11–903 was passed, because at that time the automobile had already commenced to change the circumstances of life. Whereas in 1910, the onslaught of automobiles could not even be conceived.

At the same time, numerous means of committing homicide can be visualized under the provisions of Title 21, O.S.A. § 716, without the automobile even entering the picture. Hence, it is only reasonable to consider that the legislature intended to lift out of that section of the statutes the provisions pertaining to automobiles, as provided for in the later statute, 47, O.S.A. § 11–903. Therefore, the earlier section of the statute must be considered repealed, but only as to the automobile circumstances set forth in 47 O.S.A. § 11–903.