WILLIAM KNIGHT *et als*, petitioners for increase of damages *vs.*
AROOSTOOK RIVER RAILROAD COMPANY.

Aroostook.    Decided July 3, 1877.

*Railroad.*

The statute of 1873, c. 95, embraces all the subject matter of R. S., c. 51, § 8,
so far as it relates to applications for an increase or decrease of damages for
land taken for railroad purposes, and is therefore the only statute in force
providing for appeals in that respect.

*Held.* The proceedings in this case depending for their validity upon the ear-
lier statute, are without authority in law. The verdict must be set aside
and the proceedings of appeal quashed.

ON REPORT.

PETITION for increase of damages for land taken by railroad
company.   Damages were awarded in favor of petitioners by the
county commissioners of Aroostook county, October 12, 1875.   A
petition for increase was seasonably filed, a jury was summoned and
empaneled and met at Fort Fairfield August 29, 1876.  L. S. Strick-
land, esq. was appointed chairman; a view and hearing was then and
there had, at which the president and directors attended, and were
represented by L. R. King, esq., a counselor of this court, who is
also president of said railroad corporation.   No objection was made
to the proceedings or notice.   The jury made a report in due form,
and by their finding and report increased the amount of damages
from the amount awarded by the commissioners in the case of
each of said petitioners; which report, together with the report of
the chairman, and the warrant to the sheriff, have been duly and
seasonably returned to this court, and are a part of this report.

The application for an increase of damages was made to the
county commissioners as authorized by R. S., c. 51, § 8, and not
as provided by the act of 1873, c. 95.   And the warrant to the
sheriff issued from the county commissioners' court, and the ven-
ires to the jurors, were issued by the clerk of said court, directed
to the selectmen of the towns of Littleton, Monticello, Bridge-
water and Blaine, directing them to draw the number of jurors
required, and to notify them to meet at the time and place named
by the county commissioners.

Said Strickland was selected to preside by A. A. Burleigh, one of the county commissioners, in the absence of the other members of the board, said Burleigh having been authorized by his associates to select a suitable person to preside at said hearing, and the appointment of said Strickland was subsequently ratified by all the commissioners.

Upon the foregoing statement the case is submitted to the law court with power to determine whether the proceedings can be sustained, and what entry shall be made upon the docket of Aroostook county.

The opinion renders it unnecessary to set out the contents of the documents referred to.

*A. W. Paine*, for the petitioners, said that R. S., c. 51, § 8, and the act of 1873, c. 95, differed in the modes provided for trying the appeal from the county commissioners. By R. S. the mode provided was by a direct reference to a jury *in pais* to be summoned by the proper officer; by the act of 1873 it was by appeal to the S. J. C., which would try the case *in curia*. He contended that although different remedies were provided, the later statute, which did not contain any repealing clause, did not operate by implication to repeal the earlier.

*L. R. King*, for the respondents.

DANFORTH, J. This is an application for an increase of damages for land taken by the defendant company under the provisions of R. S., c. 51, § 8. Under that section, "either party has the same right to apply for an increase or decrease of damages as in case of highways." The proceedings in this case are in conformity with the requirements of the statute respecting highways as found in R. S., c. 18, §§ 8, 9 and 10.

By the laws of 1873, c. 95, "any person aggrieved by the decision or judgment of the county commissioners in relation to damages taken for railroad purposes, may appeal therefrom to the next term of the supreme judicial court which shall first be holden in the county where the land is situated," &c.

The proceedings under the latter statute are entirely different in all respects from those under the former, and are complete in

themselves, covering the whole subject matter. In *Commonwealth* v. *Kelliher*, 12 Allen, 480, in the opinion it is said, "whenever a statute is passed which embraces all the provisions of previous statutes on the same subject, the new statute operates as a repeal of all antecedent enactments. This well settled rule of interpretation is founded on the reasonable inference that the legislature cannot be supposed to have intended that there should be two distinct enactments embracing the same subject matter in force at the same time, and that the new statute, being the most recent expression of the legislative will, must be deemed a substitute for previous enactments, and the only one which is to be regarded as having the force of law."

This principle of interpretation is as well settled in this state as in Massachusetts, and is especially applicable to the statute under consideration. It may be added in this case that though the two statutes are not necessarily repugnant in their practical operation, they may and would be likely to lead to inconsistent proceedings and opposing results. The provision is that any party may appeal, &c. There are not only two opposing parties in each case who may appeal, but not unfrequently more than one person representing different interests in the land taken having the same right. If therefore the two statutes are in force each party appealing would have his election under which statute to proceed, and if electing different proceedings, the same case at the same time would be pending before different tribunals and subject to very different provisions, which cannot be admissible.

Therefore the proceedings cannot be sustained, and the entry upon the docket must be,

*Verdict set aside and*
*Proceedings of appeal quashed.*

APPLETON, C. J., DICKERSON, VIRGIN, PETERS and LIBBEY, JJ., concurred.