### JAMES P. HARRIS' CASE.

### FRANK B. VANDEWARD'S CASE.

### Cumberland. Opinion September 25, 1924.

*The provision of the Workmen's Compensation Law that "the Governor and Council shall order such compensation as shall be assessed (compensation awarded to an employee of the State or department thereof) paid from the State Contingent Fund" is not impliedly repealed or modified by Special Law of 1923, Chapter 118. The section of statute hereinabove quoted is in full force.*

While it is well settled that a later act may, by implication, repeal an earlier statute, without mentioning such statute, yet in order to effect such a repeal by implication the later statute must be so broad in its scope and so clear and explicit in its terms as to show that it was intended to cover the whole subject matter and to displace the prior statute, or the two must be so plainly repugnant and inconsistent that they cannot stand together. The court will if possible give effect to both statutes, and will not presume that the Legislature intended a repeal.

On appeal. In these two cases arising under the Workmen's Compensation Act compensation was awarded and payment was ordered from the State Contingent Fund. An appeal was taken on the sole ground as to whether the payment should be taken from the contingent fund alleging that the provision of the Act authorizing such payment to be made from the contingent fund had been repealed by Chapter 118 of the Special Law of 1923. Appeal dismissed with costs. Decree affirmed.

The case is fully stated in the opinion.

Petitioners appeared without counsel.

*Ransford W. Shaw, Attorney General and Clement F. Robinson, Deputy Attorney General,* for the State of Maine.

*Ralph O. Brewster and Carl W. Smith,* for the Directors of the Port of Portland.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

DEASY, J.    Workmen's compensation cases.    The petitioners were accidentally injured while working on the State Pier at Portland. From a decree in favor of the petitioners in each case the State appeals. Nothing in the awards is claimed to be erroneous except the part reading: "payment to be made from the State contingent fund in accordance with the provisions of the Workmen's Compensation Act."

The Act after making subject to its provisions all employees of the State, or acting under the direction of any department of the State, proceeds: "The Governor and Council shall order such compensation as shall be assessed paid from the State Contingent Fund." Public Acts of 1919, Chap. 238, Sec. 1, Par. 2, Sub Par. (g).

The petitioners when injured were acting under the direction of a State department.    It is not questioned that if the statute above quoted is in force and unrepealed the decree should be affirmed.

But counsel for the State maintain that when the accidents occurred the above quoted statute was no longer in force so far as concerns employees of the Directors of the Port of Portland.    Admittedly it has not been in express terms repealed.    It is, however, contended that by implication Private and Special Law of 1923, Chap. 118, operates as an amendment to the Workmen's Compensation Act and in effect repeals that part of it which directs payment from the contingent fund of compensation awards in favor of State employees.

The Portland Pier Act (so called for brevity) was passed in 1919. Private and Special Acts of 1919, Chaps. 84 and 123.    These acts created a Board of Directors of the Port of Portland and gave to this board charge of the construction and administration of the State Pier at Portland and provided that all revenues should be covered into the State Treasury.    This law was amended in 1923.    By the amendment a treasurer of the board was provided for with authority to "collect and deposit . . . . .  the income and revenue accruing from the properties within the charge of the directors, and make.

disbursements therefrom for carrying out the purposes of this Act." Private and Special Acts of 1923, Chapter 118.

The State argues that payment of compensation awards is "carrying out the purposes of the Act" and is one of the purposes for which the Port Treasurer is required to make disbursements. This it is urged is inconsistent with the general law providing that awards shall be paid from the contingent fund, and operates as a repeal of the earlier general statute.

It is, of course, well settled that a later act, albeit that it makes no mention of an earlier statute may by implication effect its repeal.

But "in order to effect a repeal by implication the later statute must be so broad in its scope and so clear and explicit in its terms as to show that it was intended to cover the whole subject matter and to displace the prior statute, or the two must be so plainly repugnant and inconsistent that they cannot stand together. The court will if possible give effect to both statutes, and will not presume that the Legislature intended a repeal." *Eden* v. *Southwest Harbor*, 108 Maine, 489. Opinion of Justices, 120 Maine, 569. 25 R. C. L., 918.

Applying these principles, it is apparent that the amendment of the special act relating to the Port of Portland was not intended to "displace" any part of the Workmen's Compensation statute. Neither are the acts "so plainly repugnant that they cannot stand together." The intent may conceivably have been that, in respect to compensation awards, the Port Treasurer reimburse the contingent fund. This theory would reconcile the two statutes even if it were provided that all port liabilities be paid by the Port Treasurer.

It is the court's opinion, however, that no such reimbursement was contemplated. The Directors were not constituted a quasi municipal corporation. They act in behalf of the State. The pier is State property. Its administration is State business. Its revenues are State funds. Any surplus will eventually accrue to the State. Any deficiency will presumably be met from its treasury.

The statute does not expressly command that all liabilities be paid from the port treasury. In the absence of either general or special legislative direction it is not reasonable to presume an intent that compensation awards be so paid. The provision of statute first above quoted remains in full force. Compensation awards are by mandate of statute to be paid from the State contingent fund.

*Appeal dismissed with costs.*
*Decree affirmed.*