STATE OF MAINE *vs*. STANDARD OIL COMPANY OF NEW YORK.

Cumberland.     Opinion, February 23, 1932.

*Clement F. Robinson*, Attorney-General, for the State.
*Woodman, Skelton & Thompson*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-TON, THAXTER, JJ.

DUNN, J.    The case is submitted upon an agreed statement of facts, to determine whether or not the action is maintainable.

The declaration counts on Chapter 12, Sections 79 to 86, both inclusive, of the Revised Statutes, 1930. These statutory provisions impose, and otherwise relate to, an excise tax of four cents a gallon, on dealings in internal combustion fuels (in the present instance, gasoline, respecting which interstate transportation is at an end) in Maine.

The validity of the statute, which excludes the imported com-

modity, while it continues subject to the commerce clause of the Constitution of the United States, is conceded.

The sole problem is one of interpretation.

In March, 1931, the defendant was, within the meaning of the statute, a "distributor" of gasoline. It operated numerous retail filling stations, in various parts of the state, but was chiefly engaged in the sale of gasoline to dealers, who in turn sold the product to ultimate consumers. It used, during the said month, in the regular course of its business, as fuel for its own motor vehicles, 20,590.2 gallons of gasoline.

On such use of gasoline, the defendant refused to pay a tax; hence this action by the Attorney-General. The amount in dispute is $823.61.

The case is said to be the first of its kind under the excise tax statute, and the question whether the tax falls, not only on motor fuel sold, but also on that which the distributor used in propelling his vehicles, new.

The distinction between an excise tax based on sales, and one based on use of property, is obvious. *Hart Refineries* v. *Harmon*, 278 U. S., 499, 73 Law ed., 475.

Inquiry is: Has the Legislature laid a tax upon the use, as well as upon the sale, of gasoline (constituting part of the stock of the "distributor") in domestic trade?

The fundamental rule of statutory construction is to ascertain and effectuate intention. *Tremblay* v. *Murphy*, 111 Me., 38; *Bowen* v. *Portland*, 119 Me., 282.

In construing statutes, courts expound the law; they can not extend the application of a statute, nor amend it by the insertion of words.

Section 79 of the statute, in so far as recital seems essential, defines a "distributor" as a person, etc., "who imports . . . for sale or for his or its own use . . . any internal combustion engine fuels as herein defined for use in this state . . ."

This language is not, on first reading, as clear as it might be.

The office of the section is, however, only that of defining the terms employed in other sections. Besides defining "distributor," the section defines "internal combustion engine," and "internal combustion engine fuel."

Section 80 lays "an excise tax . . . upon said internal combustion engine fuels sold within this state and for the uses defined in these sections" (with exceptions not of present moment).

The next section not only requires every distributor to file, in a state department, a duly acknowledged identifying certificate, but inhibits him from selling or distributing engine fuels in advance of the filing of such a certificate.

Section 82 defines "sale." The ordinary acceptation of the word is extended to include motor fuels "distributed by the distributors to their branch agencies."

Section 83 authorizes the distributor, who has paid, or become liable to pay the tax, to add the amount thereof to the selling price.

Under Section 84, the distributor must report to the state, "the number of gallons of internal combustion engine fuels received, sold and used . . . by him during the preceding calendar month;" and he must pay a tax "upon each gallon so reported as sold or distributed."

Other sections of the statute need not here be considered.

The sections under consideration, read together, manifest legislative intent to limit the tax to sales of combustion fuels, and to provide a system of checks and balances against sales escaping taxation.

First, every distributor must file an acknowledged certificate with a state department. His sworn statement as to who he is, where located, and what he is doing, becomes of public record.

Next, he must report to the department, on official forms, the number of gallons of combustion engine fuels received, the number of gallons sold, and the number used in the state by him during the preceding calendar month. The report shall contain "such further information pertinent thereto as said auditor shall prescribe;" for instance, the number of gallons remaining on hand.

The tax is upon fuel sales for the internal-combustion-engine uses which the statutes define.

In accordance with the stipulation, the entry must be:

*Judgment for defendant*