COMMONWEALTH *vs.* CERTAIN GAMING IMPLEMENTS,
GEORGE NAVICKAS, claimant.

Worcester.   September 25, 1944. — October 24, 1944.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Gaming.   Practice, Criminal,* Seizure of property.

The phrase in G. L. (Ter. Ed.) c. 276, § 1, Eleventh, as amended by St. 1934, c. 235, § 1, "Gaming apparatus or implements used or kept and provided to be used in unlawful gaming," should be interpreted as though it read "Gaming apparatus or gaming implements" so used or kept and provided.

A "ticker tape machine" or "electric typewriter machine," used, at a place where bets on horse races were taken, merely to receive the results of races, was not a "gaming apparatus or implement" within G. L. (Ter. Ed.) c. 276, § 1, Eleventh, as amended by St. 1934, c. 235, § 1, and was not subject to seizure under that statute where the only person present at the time of seizure was a man employed to receive bets.

COMPLAINT, received and sworn to in the District Court of Western Worcester on January 20, 1944, for a search warrant for certain property and for forfeiture of such property.

Upon appeal by the claimant to the Superior Court, the case was tried before *Donnelly, J.,* on the issue of forfeiture.

*H. Seder,* (*S. A. Seder* with him,) for the claimant.

*A. B. Cenedella,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. According to the bill of exceptions this is a proceeding brought under G. L. (Ter. Ed.) c. 276, §§ 1-8, for forfeiture of property seized under a search warrant of premises used for taking bets on horse races. The case has been argued on the basis that the seizure was made under § 1 of said c. 276. We consider the questions presented on that footing. The chief controversy concerns a "ticker tape machine" or "electric typewriter machine" in fact used to receive the results of races and similar to machines used by newspapers and stockbrokers. At the time of seizure the only one present, aside from officers of the law, was a man employed to receive bets. After a hearing in the District Court the property was adjudged forfeited, and the claimant appealed to the Superior Court, where the matter was tried to a jury. At the conclusion of the evidence the claimant presented a motion for a directed verdict as to this machine, which was denied subject to his exception.

We are of opinion that this motion ought to have been granted. The question is one of interpretation of G. L. (Ter. Ed.) c. 276. By § 1, as amended by St. 1934, c. 235, § 1, a search warrant may be issued "for the following property or articles: . . . Eleventh, Gaming apparatus or implements used or kept and provided to be used in unlawful gaming in any gaming house, or in any building, apartment or place resorted to for the purpose of unlawful gaming, and the furniture, fixtures and personal property, including money, found in such place at a time when persons are engaged in unlawful gaming." Section 3, as amended by St. 1934, c. 340, § 15, after enumerating the disposition to be made of kinds of property not now material, states: "all other articles seized by virtue of such warrants, except money seized under clause eleven of said section one, shall be adjudged forfeited and be destroyed or sold as hereinafter provided." Section 7, as amended by St. 1934, c. 235,

§ 2, provides, "If, upon the trial, the property is adjudged forfeited . . . all furniture, fixtures and personal property described in clause eleven of said section, or so much thereof as the court or justice may order, shall be sold by the sheriff and the proceeds paid to the county, all moneys seized shall be paid to the state treasurer, and the remainder of the property shall be destroyed as the court or justice may order."

The "typewriter machine" was not seized "at a time when persons . . . [were] engaged in unlawful gaming." Consequently, if it be classified as "furniture, fixtures and personal property," it was improperly taken. Should it, however, be treated as "gaming apparatus or implements used or kept and provided to be used in unlawful gaming" which may be seized at any time? The answer first turns upon whether "gaming" modifies "implements" as well as "apparatus." We think that it does. This clause of the statute antedated the clause as to "furniture, fixtures and personal property," which was added by St. 1869, c. 364, § 2. See Rev. Sts. c. 142, §§ 2, 5; Pub. Sts. c. 212, §§ 2, 5. "But articles falling within this latter description are not in themselves mischievous or objectionable." *Attorney General* v. *Justices of the Municipal Court of the City of Boston,* 103 Mass. 456, 466. If "gaming" be construed not to modify "implements," there was, at least so far as furniture, fixtures and personal property were concerned, no apparent need for the amendment. And unless "gaming" be construed to modify "implements," the statute makes as the condition for the seizure of nongaming implements two different sets of circumstances and prescribes two inconsistent courses for their disposition in the event of forfeiture.

The question remains whether the "typewriter machine" is a gaming apparatus or gaming implement. We are of opinion that it is not. "If, as the game is actually carried on, the utensil is a material instrument in ascertaining whether the player shall win or lose, it is an implement of gaming." *Commonwealth* v. *Adams,* 160 Mass. 310. The "typewriter machine" is not such an instrument. It is,

like the telephone, telegraph, or newspapers, merely one means of acquiring news, including sporting information and the results of races. It serves to disclose whether a bettor *has* won or lost, but not to determine whether he *shall* win or lose. That the horses do. A winner would win, and a loser would lose, irrespective of the manner in which each might learn of his personal good or ill fortune. See *People* v. *Engeman,* 129 App. Div. (N. Y.) 462, 466, affirmed 195 N. Y. 591. The "typewriter machine" has not been classified by the Legislature with roulette wheels, slot machines, pin ball machines, dice, cards, and "numbers" slips, to mention a few gaming devices.

We are confirmed in this view by the statutory provisions for the disposition of seized articles. If this inherently innocuous machine belongs in the group of "gaming apparatus or implements," it must be destroyed. If, on the other hand, it falls within the category of "furniture, fixtures and personal property," it may be preserved for economic usefulness and sold to the enhancement of the county revenue. G. L. (Ter. Ed.) c. 276, §§ 3, 7. Compare *Coolidge* v. *Choate,* 11 Met. 79, 83.

A similar result has been reached in all cases involving this type of machine which have come to our attention. See *Ives* v. *Boyce,* 85 Neb. 324; *James* v. *State,* 4 Okla. Crim. 587; *American Telephone & Telegraph Co.'s Appeal,* 126 Pa. Super. Ct. 533; 24 Am. Jur., Gaming & Prize Contests, § 36.

The claimant has waived his other exceptions in the event that his contention in this respect should be upheld. The exceptions must be sustained and judgment entered for the claimant for return of the "typewriter machine" and the rolls of paper used in it, and for the forfeiture of the other articles.

*So ordered.*