Grafton,
Feb. 5, 1952. } No. 4081.

STATE *v.* TELETYPEWRITER MACHINE.

*Gordon M. Tiffany,* Attorney General, *Henry Dowst, Jr.,* Assistant Attorney General and *Robert A. Jones,* County Solicitor (*Mr. Tiffany* orally), for the State.

*Edward F. Krause* (of New York), *Hughes & Burns* and *Donald R. Bryant* (*Mr. Bryant* orally), for the American Telephone & Telegraph Company.

DUNCAN, J. Revised Laws, chapter 447, section 10 provides: "FORFEITURES. All furniture, fixtures, and personal property, and all implements for gambling and gambling apparatus, used or kept, or provided to be used in unlawful gaming, in any gaming-house, or in any building, apartment, or place resorted to for unlawful gaming, and found therein by an officer, shall be forfeited."

The law appears to be settled, and the State concedes, that the teletypewriter seized in these proceedings is not a gambling device *per se.* Section 11 of the statute provides that "any slot machine or other machine or appliance intended for the purpose of winning money or any other thing by chance or hazard is a gambling implement. . . ." As the claimant points out, its machine is not "intended for the purpose of winning money or any other thing." As used, it did not determine whether a player should win or lose. It merely reported the results of races which determined that question. As was said of a like machine in *Commonwealth* v. *Certain Gaming Implements,* 317 Mass. 160, 162, 163: "It is, like the telephone, telegraph or newspapers, merely one means of acquiring news. . . . It serves to disclose whether a bettor *has* won or lost, but not to determine whether he *shall* win or lose. That the horses do." See also, *American Tel. & Tel. Company's Appeal,* 126 Pa. Super. 533; *Tollin* v. *State* (Del.), 78 A. (2d) 810, 812.

The State contends that the machine may be forfeited in these proceedings either as "personal property . . . used or kept, or provided to be used in unlawful gaming," or as "personal property . . . in any . . . place resorted to for unlawful gaming, and found therein by an officer . . . ." *S.* 10 *supra.* The statute as originally enacted treated property subject to forfeiture under two classifications: (1) "implements for gambling or gaming apparatus, used or kept and provided to be used in unlawful gaming in any gaming house, or

. . . place resorted to for unlawful gaming" and (2) "personal property found in such . . . place, that may be found upon a search-warrant or by any officer . . . ." Laws 1881, *c.* 36, *s.* 2. The latter class of property was to be adjudged forfeited if "found . . . at a time when any persons were there found playing at any unlawful game." *Ib., s.* 3. *Cf. Commonwealth* v. *Certain Gaming Implements, supra.* In the revision of 1891 when the statute took its present form, there was "no intention to change the law." Commissioner's Report, (1891) iii, 858. The history of the statute thus tends to indicate that gambling implements may be forfeited regardless of the circumstances under which found, but that other personal property found in a place resorted to for unlawful gaming is subject to forfeiture only if persons were found gaming at the time of seizure.

If the latter qualification is properly to be implied in the statute, it is not here decisive since there is evidence that on the day of seizure of the machine, Krell was seen to accept wagers in the smoke shop, which were checked against information appearing upon the teletypewriter tape.

It is unnecessary however in this case to determine the proper construction of the statute, because it does not appear that the machine was lawfully seized. While the facts relating to the seizure have neither been found nor agreed upon, it is alleged by the claimant's motion to dismiss and has not been controverted that the search warrant under which the seizure was made was issued upon a complaint for keeping "gambling implements, to wit, slot machines, pinball machines, punch boards, dice and other so-called gambling paraphernalia." According to the motion, the warrant issued upon the complaint authorized search "for said gambling implements described in the annexed complaint and the paraphernalia and other things adapted for gambling."

As previously indicated, the claimant's machine was not subject to seizure as an implement of gambling. See R. L., *c.* 424, *s.* 1 III. Nor does the statute authorize search for and seizure of "things adapted for gambling." But *cf.* R. L., *c.* 424, *s.* 1 IV; *Collins* v. *Noyes,* 66 N. H. 619; *Albright* v. *Muncrief,* 206 Ark. 319. If the teletypewriter was subject to seizure as property used in unlawful gaming or found in a place resorted to for gaming, its seizure as such was not authorized by the warrant in this case as described by the claimant's motion.

The Constitution (*Pt. I, Art.* 19th) provides that a warrant shall

"be . . . accompanied with a special designation of the . . . objects of . . . seizure." In *State* v. *Spirituous Liquors*, 75 N. H. 273, 275, it was said to be essential to the maintenance of a libel for forfeiture that the seizure be legal, and that "there can be no decree for a forfeiture of property taken under a search warrant, if the constitutional guaranty against illegal search has been violated. *Hussey* v. *Davis*, 58 N. H. 317." In *State* v. *Lager Beer*, 70 N. H. 454, it was held that whiskey illegally kept could not be forfeited upon a warrant authorizing a search for lager beer. "The principle that the forfeiture of property can only be authorized when all the formalities of the law are complied with in the search, seizure and forfeiture proceedings is generally recognized and adhered to . . . ." *State* v. *Liquors*, 68 N. H. 47, 48. Moreover, it is settled by the case last cited, that where an officer proceeds under a warrant, he may not justify seizure under the provisions of R. L., c. 424, s. 6. Where property which does not fall within the class of gambling implements is to be seized, it should be described in the warrant, if not with particularity, at least by some plain reference to the other class of property which the statute makes subject to forfeiture. Cornelius, Search and Seizure (2d *ed.*) s. 202. If, as alleged, the warrant in this case related only to gambling implements, seizure of the teletypewriter was not authorized. See *Frost* v. *The People*, 193 Ill. 635, 639.

The proceedings must be returned to the Superior Court for determination of the facts relating to the complaint and warrant. If they are found to be correctly described by the claimant's motion, the motion should be granted.

*Case discharged.*

All concurred.