STATE of Maine

v.

Ferris P. FERRIS.

Supreme Judicial Court of Maine.

Dec. 8, 1971.

Peter T. Dawson, Asst. Atty. Gen., Augusta, for appellant.

Levine, Brody & Levine by Julius B. Levine, Waterville, for appellee.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WEATHERBEE, Justice.

The State Police obtained a warrant to search the Defendant's residence and garage after several months of surveillance and investigation. The police allegedly had probable cause to believe that Mr. Ferris was engaged in illegal bookmaking and pursuant to the search seized evidence of such alleged activity. While executing the search on the Defendant's premises, a police officer looked through the window of a car, which Defendant had recently parked in the driveway, and observed on the floor slips of paper which appeared to be records of gambling activities. The police subsequently obtained a warrant to search the car and seized the material found therein.

The Defendant was indicted on six counts of violation of 17 M.R.S.A. § 1801 (bookmaking) and one count of violation of 17 M.R.S.A. § 1811 (possession of gambling implements). The Defendant moved to dismiss the indictment on several grounds, one ground being that it failed to set forth a criminal offense upon which a conviction can be sustained. The Defendant, who had waived jury trial, was found not guilty as to the six counts of bookmaking but guilty as to the violation of 17 M.R.S.A. § 1811. The Defendant appealed.

At trial on the charge of violation of 17 M.R.S.A. § 1811 the State introduced 22 exhibits found in the car which witnesses identified as "betting slips" which the witnesses said represented abbreviated handwritten notations of wagers placed on sporting events. The Justice found the possession of these slips to be violative of 17 M.R.S.A. § 1811. A typical slip read:

| "Bud | |
|------|------|
| Balt | 200W |
| SF | 175W |
| Seattle | 70L |
| Phila | 50L |
| +375 | |
| —120 | |
| +255" | |

17 M.R.S.A. § 1811 provides:

"No person shall have in his actual or constructive possession any punch board, seal card, slot gambling machine or other implements, apparatus or materials of any form of gambling, and no person shall solicit, obtain or offer to obtain orders for the sale or delivery of any punch board, seal card, slot gambling machine or other implements, apparatus or material of gambling."

The count of the indictment which charged the Defendant with violation of this statute read:

"COUNT VII: THE GRAND JURY FURTHER CHARGES: that Ferris P. Ferris, of Waterville, County of Kennebec, State of Maine, did on or about December 12, 1969, at Waterville, County of Kennebec, State of Maine, have in his actual and constructive possession certain gambling implements and materials, to wit: numerous betting slips and records used in relation to illegal wagers on horseraces and sporting events unauthorized by law in violation of 17 M.R.S.A. § 1811."

Although the points on appeal are many we find it necessary to decide only one issue which is determinative of the outcome of this case—the interpretation of the statute as it applied to the count of the indictment upon which Defendant was found guilty.

█ In interpreting statutes, this Court must effectuate the intention of the Legislature. State v. London, 156 Me. 123, 162 A.2d 150 (1960). We find the intent of the Legislature in enacting this statute was to prohibit the possession or sale of actual gambling devices—those devices or mechanisms the functioning of which determine whether a gambler wins or loses. Commonwealth v. Certain Gambling Implements, 317 Mass. 160, 57 N.E.2d 542 (1944); Cooper v. Miami, 160 Fla. 656, 36 So.2d 195 (1948); James v. State, 4 Okla.

Cr. 587, 112 P. 944 (1911); 38 Am.Jur.2d, Gambling, § 83.

■■ In construing the ambiguous use of the general language of the statute we turn to the familiar rule of *ejusdem generis*. When words of enumeration are immediately followed by words of general import the general words, when their use is uncertain, should be governed by the specific. Here, the enumeration of devices specifically prohibited—"punch board, seal card, slot gambling machine"—indicates that in adding the words "other implements, apparatus or materials of any form of gambling" the Legislature intended to include only other articles which also have a per se relationship to the determination of the outcome of wagers recognizable from common experience. We hold that the Legislature's addition of the general language prohibits the possession of other implements of the same character and class as those gambling devices specifically mentioned. Koller v. Duggan, 346 Mass. 270, 191 N.E.2d 475 (1963); Hackett v. Gale, 104 N.H. 90, 179 A.2d 451 (1962); Butler Fair and Agricultural Assn. v. Butler School District, 389 Pa. 169, 132 A.2d 214 (1957).

■ We agree with the Defendant that the possession of the material which the State alleges was seized from him is not prohibited by the statute.

Betting slips and records of betting do not constitute such gambling devices as the Legislature has outlawed. Records of such things as amounts wagered, the point spreads, the odds, and the successes and failures of athletic teams or race horses in prior events are aids to the memory of the gambler but not in themselves devices which determine the outcome of the wager. Although such materials may be evidence of illegal gambling or bookmaking they are not implements, apparatus, or materials of gambling which were declared contraband under 17 M.R.S.A. § 1811.

Count VII did not charge a violation of 17 M.R.S.A. § 1811. The denial of Defendant's motion to dismiss the indictment for failure to charge a criminal offense was error.

Appeal sustained. Indictment dismissed.

All Justices concurring.