Marguerite D. BLAIR, et al.

v.

STATE TAX ASSESSOR.

Supreme Judicial Court of Maine.

Argued Sept. 4, 1984.

Decided Dec. 13, 1984.

Roger S. Golin (orally), Bath, for plaintiffs.

James E. Tierney, Atty. Gen., Crombie J.D. Garrett, Asst. Atty. Gen. (orally), Bureau of Taxation, Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

The plaintiffs,[1] a certified class consisting of all persons who receive Maine state retirement allowances and are subject to income taxation by the State of Maine, appeal from an order of the Superior Court, Sagadahoc County, granting the defendant's motion for summary judgment. We agree with the decision of the Superior Court and affirm the judgment.

Following the state tax assessor's decision on the petition of the plaintiffs for reconsideration, the plaintiffs instituted this action against the assessor in the Superior Court. The plaintiffs sought review of the assessor's determination that Maine state retirement benefits and allowances in excess of employees' contributions were subject to state income tax. The complaint also alleged the plaintiffs' federal and state constitutional rights to due process, freedom of contract, and equal protection had been violated by the assessor's decision.

Both parties moved for summary judgment, neither presenting issues of fact for resolution. The Superior Court granted the defendant's motion, deciding that by enactment of the state income tax in 1969, the legislature impliedly repealed 5 M.R.S.A. § 1003 (Supp.1984), which exempted state retirement benefits from taxation. The court found that the "enactment of a comprehensive system of taxation 'completely covers' the subject matter of state income taxation and its exemptions." The court further found that by adopting the specific federal definition of "income," the legislature intended to repeal section 1003. Additionally, the court held that subsection 11 of 36 M.R.S.A. § 5102 bars reference to 5 M.R.S.A. § 1003 to support a different meaning for a term used in the income tax statutes.[2] Finally, the court found the

1. The case was certified as a class action pursuant to M.R.Civ.P. 23 on July 11, 1980. The court's order certified the class to be "all persons receiving Maine State Retirement benefits who are subject to income taxation by the State of Maine, not excluding those who are not presently taxed on said retirement benefits under federal law."

2. Subsection 11 provides in pertinent part:
 **11. Other terms.** Any other term used in this Part has the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required.
 36 M.R.S.A. § 5102, subsec. 11 (Supp.1984).

plaintiffs' constitutional and contract claims to be without merit.

This case involves the continued vitality of the first paragraph of 5 M.R.S.A. § 1003, originally enacted in essentially its present form in 1942, when the Maine state retirement system was instituted.[3] The section states in pertinent part:

> The right of a person to a retirement allowance, such retirement allowance itself, to the return of contributions, any optional benefit or death benefit or any other right accrued or accruing to any person under this chapter, and the moneys in the various funds created thereby, shall be exempted from any state, county or municipal tax in the State....

5 M.R.S.A. § 1003 (Supp.1984).

The precise question presented is whether enactment of the state income tax system in 1969 repealed by implication the exempt status of state retirement benefits. Title 36 M.R.S.A. § 5111 imposes a tax "for each taxable year on the entire taxable income of every resident individual of this State." 36 M.R.S.A. § 5111 (Supp.1984). Section 5121 of title 36 defines "entire taxable income" as:

> federal adjusted gross income as defined in the laws of the United States with the modifications and less the deductions and personal exemptions provided in this chapter.

36 M.R.S.A. § 5121 (1978). The Internal Revenue Code defines adjusted gross income as gross income minus enumerated deductions, none of which apply to the retirement benefits in excess of employees' contributions at issue here. *See* I.R.C. § 62. The Code clearly includes income derived from pensions and retirement allowances in an individual's federal gross income. I.R.C. § 61(a)(11). None of the

modifications, deductions, or personal exemptions provided by chapter 805 of title 36 involves state retirement allowances. *See* 36 M.R.S.A. §§ 5122, 5123, 5124–A, 5125, 5126 (1978 & Supp.1984).

■■■ This court will find a repeal by implication when a later enactment encompasses the entire subject matter of an earlier act, or when a later statute is inconsistent with or repugnant to an earlier statute. *State v. London*, 156 Me. 123, 127, 162 A.2d 150, 152 (1960); *accord State ex rel. Tierney v. Ford Motor Co.*, 436 A.2d 866, 871 (Me.1981). When a later statute does not cover the earlier act in its entirety, but is inconsistent with only some of its provisions, a repeal by implication occurs to the extent of the conflict. *State v. London*, 156 Me. at 128, 162 A.2d at 153.

■■■ We find no merit in the plaintiffs' contention that there is no inconsistency between the statutes on which to premise an implied repeal of section 1003. Relying on subsection 11 of 36 M.R.S.A. § 5102, the plaintiffs claim that section 1003 "clearly require[s]" a different meaning than that ascribed to "entire taxable income" by the laws of the United States. We agree with the Superior Court's holding that the subsection 11 language "unless a different meaning is clearly required" applies only to the tax statutes in title 36 M.R.S.A.[4] The legislature's adoption in section 5121 of the federal definition of "adjusted gross income," which incontrovertibly includes retirement allowances, is patently contrary to the 1942 exemption.

In *Tiedemann v. Johnson*, this court discussed the legislative intent behind the adoption of federal adjusted gross income as the standard by which "entire taxable income" would be measured in Maine, concluding:

---

**3.** Section 1003 was amended in 1983 by the addition of a second paragraph providing for the availability of state retirement allowances "to satisfy child support obligations otherwise enforceable by execution, garnishment, attachment, assignment or other process." 5 M.R.S.A. § 1003 (Supp.1984).

**4.** We do not, however, perceive subsection 11 to command our passive acceptance of all interpretations of language in the federal statute as pronounced by federal tribunals. *Central Maine Power Co. v. Public Utilities Commission*, 382 A.2d 302, 320 (Me.1978).

[T]he Legislature intended to resolve, *a priori*, semantic conflicts such as those suggested by the bare words of the statute. As evidence of this intent, the Legislature did not undertake creation of a unique or complicated income tax scheme. Nor did it provide the vast administrative machinery which would be necessary to supply the interpretive and investigative functions of the Internal Revenue Service. We think ... that our Legislature sought to foreclose the necessity for determination of the "source, nature or composition of the funds."

316 A.2d 359, 364 (Me.1974) (quoting *Katzenberg v. Comptroller of the Treasury,* 263 Md. 189, 282 A.2d 465, 473 (1971)).

■ The plaintiffs contend that our determination of the legislature's intent in *Tiedemann* applies only to title 36 and does not affect the exemptions of 5 M.R. S.A. § 1003. We find the plaintiffs' construction of "semantic conflicts such as those suggested by the bare words of the statute" too narrow. The legislature in 1969 enacted a comprehensive system of state income taxation that pre-empted the entire area, wherever in the revised statutes reference may be found.

■ This court has never favored finding the implied repeal of one statute by another and will not uphold such a result in a dubious case. *State v. London,* 156 Me. at 126, 162 A.2d at 152; *accord State ex rel. Tierney v. Ford Motor Co.,* 436 A.2d at 871. In this case there is no question that the adoption of the federal definition of "adjusted gross income" is clearly inconsistent with the 1942 exemption from state tax in section 1003.[5] We therefore give effect to the later statute as the most recent expression of the legislative will. *State v. London,* 156 Me. at 128–29, 162 A.2d at 153–54 (quoting *Knight v. Aroostook River Railroad Co.,* 67 Me. 291, 293 (1877)).

■ The plaintiffs argue that a repeal of section 1003 would amount to a breach of contract, on the theory that the tax-exempt status of their retirement benefits is an essential term of their "contractual" retirement plan arrangement with the state. They also argue that an implied repeal of section 1003 deprives the plaintiffs of property without due process and violates the plaintiffs' equal protection right. Even if we were to find the exemption to be a contractual right of state employment, the legislative grant of such a right would violate the Maine Constitution, which states: "The Legislature shall never, in any manner, suspend or surrender the power of taxation." Me. Const. art. 9, § 9. We cannot presume the legislature would intentionally enact a statute that would contract away the power to tax on a permanent basis. We hold that the plaintiffs have no contractual entitlement to tax-exempt retirement benefits; we therefore need not reach the plaintiffs' constitutional challenges.

The entry is:

Judgment affirmed.

All concurring.

---

5. Our decision has no effect on the remaining provisions of section 1003; the section is repealed by implication only to the extent of the conflict with the 1969 enactment.